FILED

DEC 16 2015

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY ________ DEPUTY

# SEALED

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | § | CRIMINAL NO. MO15CR-281 |
| | § | |
| | § | **INDICTMENT** |
| v. | § | |
| | § | [Violations: |
| RAHUL MALHOTRA, | § | **Count 1**; 18 U.S.C. § 1001(a)(3) - |
| Defendant. | § | False Statement |
| | § | **Count 2**; 18 U.S.C. § 1001(a)(2) – |
| | § | False Statement.] |

**THE GRAND JURY CHARGES THAT:**

**Background**

1. In approximately March 1997, the Defendant, **Rahul Malhotra**, a citizen of the Commonwealth of Canada, entered the United States utilizing a duly-issued TN nonimmigrant visa to take a position as an attorney with an Odessa law firm.

2. The North American Free Trade Agreement (NAFTA), created a special economic and trade relationship amongst the United States, Canada and Mexico. The TN nonimmigrant classification was created as part of NAFTA. A TN Visa permits qualified Canadian and Mexican citizens to seek temporary entry into the United States to engage in business activities at a professional level. Among the types of professionals who are eligible to seek admission as TN nonimmigrants are accountants, engineers, lawyers, pharmacists, scientists, and teachers.

3. Recipients of TN visas are not permitted to be self-employed or to run their own businesses. Rather, they must work for an existing United States employer. A TN recipient is

required to renew his/her TN visa status with U.S. immigration authorities every three years by documenting they are still duly employed by a qualifying business. Absent such renewals, TN visa recipients are required to leave the United States.

4. Upon entry his into the United States in 1997, Defendant, **Rahul Malhotra**, worked for an Odessa law firm in compliance with TN visa rules. In late 2000, however, Defendant, **Rahul Malhotra**, incorporated "The Malhotra Law Firm, P.C." with the Texas Secretary of State. Defendant, **Rahul Malhotra**, listed himself as the sole member of the Board of Directors for this entity. In subsequent years, Defendant, **Rahul Malhotra**, has consistently operated "The Malhotra Law Firm" in the Permian Basin.

5. Since 2000, Defendant, **Rahul Malhotra**, has periodically certified to immigration authorities that his employment is still in compliance with TN visa rules.

6. Defendant, **Rahul Malhotra**, also commenced efforts to adjust his immigration status to that of a Permanent Resident. On December 1, 2010, an officer with United States Citizen & Immigration Services (USCIS) requested proof from Defendant, **Rahul Malhotra**, concerning his employment in the United States. The proof requested that Defendant, **Rahul Malhotra**, submit a statement from his employer "regarding your employment while in TN status."

**COUNT ONE**
**[18 U.S.C. § 1001(a)(3)]**

Paragraphs 1 through 6 of the "Background" section of this Indictment are incorporated by reference as if set forth in full.

On or about December 27, 2010, in the Western District of Texas and elsewhere, the Defendant,

**RAHUL MALHOTRA,**

in response to the USCIS request described in Paragraph 6 of this Indictment, and in a matter

within the jurisdiction of USCIS, knowingly and willfully submitted a letter, purportedly written by the lawyer who initially employed him in Odessa from approximately 1997 through January 2000 that he knew contained a materially false and fraudulent statement(s), to-wit: "Rahul Malhotra was/is employed as an attorney-at-law by The Malhotra Law Firm, of which I am the majority shareholder, from January 23, 2001 to the present, at 319 N. Grant Ave., Odessa, Texas," when in truth and in fact, as Defendant, **Rahul Malhotra**, well knew he was self-employed as the proprietor of "The Malhotra Law Firm" during the relevant time period in violation of the terms of his TN visa, all in violation of Title 18, United States Code, Section 1001(a)(3).

**COUNT TWO**
**[18 U.S.C. § 1001(a)(2)]**

Paragraphs 1 through 6 of the "Background" section of this Indictment are incorporated by reference as if set forth in full.

On or about October 9, 2014, in the Western District of Texas, the Defendant,

**RAHUL MALHOTRA,**

in a matter within the jurisdiction of USCIS and the Department of Homeland Security Investigations (HSI), an agency of the Department of Homeland Security, a part of the executive branch of the United States, did knowingly and willfully make a materially false, fraudulent, and fictitious material statement and representation; that is, the Defendant, **RAHUL MALHOTRA**, stated to an HSI special agent that another lawyer was the majority shareholder of the Malhotra Law Firm, P.C., in connection with the Defendant, **RAHUL MALHOTRA**'s, TN Visa renewal, as referenced in paragraphs 5 and 6 above, when in truth and in fact, as Defendant, **Rahul Malhotra**, well knew he was self-employed as the proprietor of "The Malhotra Law Firm" in

violation of Title 18 U.S.C. section 1001(a)(2).

Original signed by the foreperson of the Grand Jury

RICHARD L. DURBIN, JR.
UNITED STATES ATTORNEY

WILLIAM F. LEWIS
Assistant United States Attorney

PERSONAL DATA SHEET (REDACTED)
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| SEALED | | |
| COUNTY: Midland | DIVISION: MIDLAND/ODESSA | JUDGE: Junell |
| DATE: December 16, 2015 | MAG CT #: | FBI #: |
| CASE NO: MO-15-CR-281 | ASSISTANT U.S. ATTORNEY: | |
| DEFENDANT: RAUL MALHOTRA | | DOB: XXXXXXXXXX |
| ADDRESS: XXXXXXXXXXXXXXXXXXXXXXXXX | | |
| CITIZENSHIP: INTERPRETER NEEDED LANGUAGE: | | |
| DEFENSE ATTORNEY: | | |
| DEFENDANT IS: | | |
| DATE OF ARREST: Not arrested | | BENCH WARRANT: XXX |
| PROBATION OFFICER: | | |
| NAME AND ADDRESS OF SURETY: | | |
| YOUTH CORRECTIONS ACT APPLICABLE: No | | |
| PROSECUTION BY: Indictment | | |
| OFFENSE (Code and Description): Ct. 1 – 18 USC 1001(a)(3) – False statement; Ct. 2 – 18 USC 1001(a)(2) – False Statement | | |
| OFFENSE IS: FELONY | | |
| MAXIMUM SENTENCE: Ct. 1 - A term of imprisonment not to exceed 5 years; a term of supervised release not to exceed 3 years; a fine not to exceed $250,000; and a mandatory $100 special assessment. Ct. 2 – A term of imprisonment not to exceed 5 years; a term of supervised release not to exceed 3 years; a fine not to exceed $250,000; and a mandatory $100 special assessment. | | |
| PENALTY IS MANDATORY: As stated above. | | |
| REMARKS: AGENT: HSI - Josh Howard | | |

WDT-Cr-3